UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOHN ST. ANGELO, on behalf of himself and
those similarly situated,

                            Plaintiffs,

- against-

THE LANE VALENTE GROUP, INC.,
LANE VALENTE INDUSTRIES, INC. and
JOHN DOES 1-10, fictitious names, true names
presently unknown; jointly and severally,

                            Defendants.
-----------------------------------------------------------X

**OPINION AND ORDER**
**12 CV 4063 (SJF)(ETB)**

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   DEC 10 2012   ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

On August 15, 2012, plaintiff John St. Angelo ("plaintiff") commenced this action on behalf of himself and all others similarly situated, against defendants The Lane-Valente Group, Inc., i/s/h The Lane Valente Group, Inc. ("LVG"); Lane-Valente Industries (Nat'l) Inc. ("LVI (Nat'l)"), i/s/h Lane Valente Industries, Inc. and "John Does 1-10," pursuant to, *inter alia*, the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, alleging failure to pay overtime compensation. On October 19, 2012, LVG moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint as against it or, in the alternative, pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on the basis, *inter alia*, that LVG and LVI (Nat'l) are separate companies and that LVG never had any employees or payroll. On December 3, 2012, the parties filed a stipulation dismissing the complaint as against LVG without prejudice pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Accordingly, the complaint against LVG is dismissed without prejudice.

1

Plaintiff and LVI (Nat'l) ("the parties") now jointly move pursuant to 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the Northern District of Texas, Fort Worth Division. For the reasons set forth below, the motion is granted.

I.   DISCUSSION

Motions for change of venue are governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "Among the factors to be considered in determining whether to grant a motion to transfer venue 'are, *inter alia*: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.'" New York Marine and General Ins. Co. v. Lafarge North America, Inc., 599 F.3d 102, 112 (2d Cir. 2010) (quoting D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006)). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." D.H. Blair, 462 F.3d at 106.

Although plaintiff chose New York as the forum for this action, he now consents to the transfer of this case to the United States District Court for the Northern District of Texas, Forth Worth Division. Accordingly, the first factor is neutral. The parties maintain that many of the witnesses, including the employees of LVI (Nat'l), as well as the relevant records, proof, facts

and "locus of decision making," (Motion at 4), can be found within the Northern District of Texas. Thus, the majority of the factors favor transferring this action to that district. In addition, the parties contend that the enforcement of any potential judgment, whether monetary or equitable, against LVI (Nat'l), a Texas corporation, also favors transferring the venue of this action to the Northern District of Texas.

Moreover, the parties contend that the Fort Worth Division of the Northern District of Texas is the most convenient venue for the parties and any out-of-state witnesses because the courthouse in that division is closest to the headquarters of LVI (Nat'l) and the airport, and the docket in that division moves quickly. Accordingly, the parties' joint motion to transfer this action to the United States District Court for the Northern District of Texas, Fort Worth Division, pursuant to 28 U.S.C. § 1404(a) is granted.

II. Conclusion

For the reasons stated herein, the parties' joint motion to transfer this action pursuant to 28 U.S.C. § 1404(a) is granted and the Clerk of the Court is directed to transfer this action to the United States District Court for the Northern District of Texas, Fort Worth Division.

SO ORDERED.

s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: December 10, 2012
Central Islip, N.Y.